Fee Not Paid

9

United States District Court
For the
Eastern District of Michigan, Southern Division.

Shawn Thomas Johnson ) Petition for
petitioner ) Writ of Habeus Corpus
vs. ) under
) 28. U.S.C. §2241
Bureau of Prisons )
respondent )

Case: 2:25-cv-12549
Assigned To : Grey, Jonathan J.C.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 8/15/2025
Description: HC SHAWN THOMAS JOHNSON v. BUREAU OF PRISONS (JB)

Now comes Shawn Thomas Johnson in pro se, inmate 24656058, currently in custody at FCI Milan, pursuant to 28 USC §2241 brings a petition for writ of Habeus Corpus to correct the actions of regional staff concerning time credit calculations under the First Step Act and Second Chance Act.

(1)

POOR QUALITY ORIGINAL

2)

## Introduction

This habeus action under 2241 is being filed at the direction of BOP Regional staff Cooper and Lejeune, who on August 6th 2025 directed this petitioner to file a habeus petition during a town hall meeting where I asked why regional is ignoring the Gale decision issued January 16, 2025, where judge Michelson ordered FCI Milan to calculate FSA earned time credit days from the day of sentencing. The town hall meeting was conducted because of recent policy statements from the BOP Director, making it seem like this and other issues would be solved. In light of comments made by regional staff, it appears this is not the case. I, Shawn Thomas Johnson, inmate number 24656058, respectfully ask this court to order the BOP to properly calculate earned time credits under the First Step Act, as well as undergo the proper five factor review for RRC placement.

## Background

The 92 month sentence currently being served results from guilty pleas in cases 1:22-cr-16-MR and 1:23-cr-37-MR, where guilty pleas were entered for one count of Bank Fraud where numerous victim lenders were unjustly enriched at my expense of capital, labor, civil rights and others in 1:22-cr-16-MR and one count of Felon in Possession of a Firearm where I legally agreed to have my rights violated after visiting a gun range. Both cases are pending appeal in the Fourth Circuit. This petition is specifically for how the sentence is being executed here at FCI Milan. A habeus petition

3)

via 2241 in this District Court in Detroit, Michigan.
   Administrative remedies for this issue were exhausted last year. Many of the same arguments for proper FSA and SCA calculation were addressed in the "BP" process, however I waited to file the habeas petition because I assumed the situation would change with a new administration. FCI Milan continues to improperly calculate earned time credits and RRC placement, mainly because this is done by regional staff. The laws concerning FSA and SCA put many if not all calculation decisions in the discretion of the Warden. However the Warden here at FCI Milan is not allowed to do this as a matter of the heavy-handed and obtuse policies of regional staff such as Mr. Cooper and Mr. Lejeune. Case managers have to "send off" to regional to get these very simple calculations. I would not ask Warden Rardin here to risk his job over a convict like me, however I am asking the court to fix this. I respectfully submit that any further attempt to resolve these matters administratively are clearly futile given the BOP's refusal to follow the specific terms of the FSA and SCA, which also negates the necessity of exhausting remedies, as to do so would be fruitless. Please see Ross v. Blake, 136 S. Ct. 1850 (2016) As a result, these matters are ripe for adjudication before this court.

### FSA Earned Time Credits.

Being a nonviolent felon with the lowest possible custody level and PATTERN score for my age and convictions, I am being denied earned time credits for the time I spent in maximum security conditions for nearly 18 months. For 18

4) months I was on lockdown 24 hours a day, without even going outside until I got here to FCI Milan. During this 18 months I participated in work programs and treatment and training programs on tablets and with cell visits from staff. In addition I was attacked with feces, suffered a broken wrist, often had inadequate shoes, hygiene products; for the sake of brevity, it was a nightmare and grossly disproportionate to my crimes. This is important to note because a similar inmate who self-reports to Milan gets all of his FSA earned time credits for the entire time he is in custody. Despite these sentence disparities the BOP continues to refuse to award earned time credits, even though I participated in similar programs under much harsher conditions, while still in Federal custody. I understand but do not agree with this Court's finding in Gale v. Warden FCI Milan 2025 U.S. Dist. LEXIS 8739 Case no. 24-13127, basically where FSA is accrued from the day of sentencing. My sentence began on 11/17/22 when I was taken into custody. I plead guilty prior, with jail credit I did not program during jail days prior to my guilty plea. Without a guilty plea I would find it hard to argue that a sentence begins prior to sentencing.

When I asked Cooper and Lejeune about the Gale case, I was almost expelled from the meeting. Their comments included "Gale was a special case that doesn't apply here"; "The FSA and SCA are not reward systems."; "FSA and SCA are not entitlements."; and others that shot down any hope for reason. To make matter worse, when asked why FSA time credits earned while in an RRC or home confinement cannot be applied, Lejeune

5)

exclaimed "I don't have a time machine!" While I current understanding of thermodynamics prohibits time travel, it is hard to disprove the possibility with our understanding of the fabric of the Universe. But I digress, as neither do I posess a machine capable of time travel. This is exactly why FSA earned time credits should be calculated up front, just like Good Conduct Time. With a 92 month sentence, I do not have to wait to be awarded Good Conduct Time, it is given up front and taken away if appropriate. Similarly, FSA ETC's should be given up front as well, and removed if appropriate. This prevents FSA credits from being wasted and makes the calculation error free, and conforming with the First Step Act legislation and the intent of Congress, President Trump, and the BOP Director Marshall. In my case this would be calculated by first subtracting Good Conduct Time of 14 months from the 92 month sentence and multiplying this number by $\frac{1}{3}$. This yields 25.74 months, 12 of which would come off my sentence and the remainder could be applied to home confinement. If it is not calculated up front, than it is only applied once and known theory prevents a reorganization of matter in such a way as to revisit a moment in time where it would be helpful.

### The Second Chance Act.

Earlier this year the BOP put out a bulletin stating everyone is getting 60 days RRC placement, due to budget concerns. The law doesn't allow for budgetary concerns with RRC placement, except that the SCA does give the Warden

6) authority to send an inmate home on an ankle monitor for up to 85% of their sentence. The BOP won't allow the Warden to even consider this, nor are they properly calculating RRC placement needs nor home confinement eligibility. Given the statements from the President and BOP Director, regional staff directives are quixotic if not illegal.

I no longer have a support network, except for three close friends who have stuck with me. I have no financial resources, and I haven't had a visit the entire time I've been in custody, although this is partly due to being in a work cadre well in excess of 500 miles of my district. However I am very resourceful and highly employable.

The BOP Director has issued policy statements saying that if an inmate has a house to go to, we will get the maximum allowed time under the SCA, which is 15 months. Cooper and Lejeune both stated this is not going to happen.

This court will grant discretion to the BOP on where and how to hold me; however I respectfully ask you grant Warden Rardin the power he is entitled to under the law. Regional staff are violating my rights by removing Warden Rardins legal authority.

## Conclusion

I respectfully ask this court to order the BOP to calculate my FSA earned time credits up front in lieu of inventing time true and I respectfully ask the court to order the maximum time of SCA RRC placement including 6 months of home confinement

7)

Respectfully submitted on this, the 11th day of August, 2025.

—Shawn Thomas Johnson

in pro se

Inmate 24656058

FCI Milan, Michigan

Certificate of Service

On August 11th, 2025, copies of petitioners writ of Habeas Corpus under 28 USC §2241 were mailed to the Clerk of Court at:

Office of the Clerk
United States District Court
231 W. Lafayette Blvd. 5th Floor
Detroit, MI 48226

One copy was given to BOP staff at FCI Milan.
One copy was mailed to the USA at the US District Court address.

Shawn Thomas Johnson
petitioner

Shawn Thomas Johnson
NAME
24656058
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

RECEIVED
AUG 15 2025
CLERK'S OFFICE
DETROIT

U.S. MARSHAL
Office of the Clerk
U.S. District Court
231 W. Lafayette Boulevard, Fifth Floor
Detroit, MI 48226

Legal Mail

Legal Mail